Very well, Your Honor, and I will focus. I think you can fit into the ten minutes. Thank you, Your Honor. May it please the Court, my name is Milagro Cisneros. I'm an assistant federal public defender in Phoenix, Arizona. I represent Alfonso Kinzar Carty, the appellant in this case. The Court directed us to look at the United States v. Mix case. And this Court in Mix discussed a two-step procedure that the district court must follow when imposing sentences upon criminal defendants post-Booker. The court must first, the district court must first correctly calculate the applicable sentencing guideline range. And the second step is to apply the factors enumerated in 18 U.S.C. section 3553A. Here, with regards to the second step, which the court has asked that we address ourselves to, the court, the district court committed a clear error of law in the procedure it followed. Specifically, the court failed to articulate in any meaningful manner its consideration of the section 3553A factors. The court acknowledged that it reviewed, among other documents, Mr. Carty's sentencing memorandum, which did discuss section 3553A. And then the district court then stated that based upon his review of the pre-sentence report, the objections to the pre-sentence report, the government's response to the objections and the sentencing memorandum and the government's response, that he was prepared to impose sentence. And besides that reference to the sentencing memorandum, there is nothing else referencing section 3553A. The district court never mentions his obligation under Booker to consider section 3553A. In fact, the district court never even says those words, section 3553A. For the district court, it appeared to be business as usual under the guidelines. And in Mix, this Court makes a very important statement, which I think bears strongly on this case. In Mix, the judge did something completely different from what the judge did in Mr. Carty's case. There, he was very articulate about the reasons why he was imposing the sentence he was imposing. And what the Court, what this Court said in Mix in reviewing the decision of the district court judge was, we are able to discern the sentencing methodology that the district court ultimately applied and why it did so. Here, we are not able to discern anything of that sort. I provided a 28J letter referencing a case out of the Third Circuit, United States v. Cooper. And Cooper makes some interesting points as well. Essentially, here in this case, what we have, we can't even really do a reasonableness analysis because we have to first be satisfied or the Court has to first be satisfied that the district court exercised its discretion by considering the relevant factors. Well, to the extent 3553A is explicitly hashed out in the papers that the district court explicitly referred to, I think that there are some jurisprudence, not necessarily in this context, but where we assume the district court has done its job properly and it doesn't have to invoke magic words or, as the defense in Cooper, I think it says that you don't have to go through a checklist. So what's the import and the shortcoming of the district court's references to 3553A in essence by implication and incorporation by reference? Well, Your Honor, in fairness to the district court, this sentencing occurred about a month and a half after Booker. And so, you know, he didn't have the kind of guidance that we have now. However, at the same time, I think that if you flipped it around, let's say, and you assumed that, let's say, for instance, that the Court had said what it said in this case, that it was very, very limited what he said. And let's say that, instead, the Court had imposed a sentence significantly below the guideline range. I don't think the government would be satisfied that that was sufficient. The fact that the Court here ultimately did impose a guideline sentence also, in addition, should not insulate it from review by this Court. What the district court said simply does not comport with what the defendant needs to understand about his sentence, about his ultimate sentence. And it clearly, no checklist is necessary, and nobody is suggesting that. However, the paucity of what the Court said here leaves the defendant without any clear understanding about what is pointed out in Mix, the methodology and the reasons why the Court ultimately reached the decision that it reached. Counsel, you were here earlier probably and heard the argument in the case from the White. Are you sure you want a statutory review for your client? And in the other case, we wound up with a substantially increased sentence. I get very nervous about attorneys representing clients who get burned because of the election that was made. I understand that, Your Honor. Do you understand the risk that's involved that a district court may just go crazy? I do understand that, Your Honor, and have considered that. In this case, do you feel comfortable? I do feel comfortable. Resentencing? Yes, Your Honor. Just so you understand. Yes, no, no. I do understand that, and we are prepared to address that at the time if we do get a resentencing. Okay. Do you want to save your time? Yes, I think I would. Okay. We've read the brief, so we know the arguments on the other. Good morning, Your Honor. I'm Kimberly Hare from the District of Arizona on behalf of the United States. Just addressing the Mix case, as Ms. Desmarais did, in that case, what this court made clear that the court must be able to determine what methodology is used at the district court level, and it also considered that if a guideline sentence is imposed, or if the court has to make an adequate or accurate determination of the sentencing guidelines, and if they don't, then it's automatically remanded for resentencing. And the court also must consider the 3553A factors. The record in this case shows the court considered those factors. The court didn't explicitly refer to 3553A, but the sentencing memorandum discusses at length the 3553A factors. During the sentencing hearing, they were discussed at length again. The court was repeatedly advised of the advisory nature of the guidelines. The court said he considered all of that stuff in imposing the sentence, and then imposed a guideline sentence. The court chose to follow and do the scheme that the court followed in this case, unlike Mix, was a guideline sentencing scheme. And I think the Mix case is important. It's important to point out some of the language in that case. It says, whereas here the district court determines the guidelines do not adequately take account of 3553A sentencing factors, the district court may impose a sentence outside. And at that time, we look at the 3553A factors to determine whether or not the sentence was reasonable. In this case, the district court found that the sentencing guidelines adequately took into account the 3553A factors, as evidenced by him imposing a guideline sentence, despite the fact that he considered all of the arguments of counsel. In addition, in the Mix case, this court refers to the fact that not all cases will have significant 3553A issues in them. And in those cases, then the guideline scheme will be what the court follows. And that is what happened in this case that's before us. Can I ask a question? The records that I review, and I may not have construed or read it correctly, but the sentencing court did not at any time, at time of sentencing, articulate its analysis and calculation under the guidelines, correct? At the time of sentencing? Other than saying that he ruled on the objections that had previously been filed? No. He didn't go through an analysis or a calculation? No. Other than just having the parties discuss the pre-sentence report, the calculation, asking if there was anything further. But he personally, on the record, after all the argument and presentations were made and he began sentencing, prior to his sentencing, he did not go through a guideline analysis calculation? He did not. Nor did he actually address specifically the factors in Section 35-58? He did not mention any of the factors specifically, nor did he mention 35-58. How do we know what's on his mind? Because he told us that he considered the defendant's sentencing memorandum, which talks about 35-53, that he considered the objections. He ruled on the objections in light of the pre-sentence report. He listened to all the arguments of counsel, considered those, and imposed the low end of the guideline range sentence. But in reading the next thing, I'm reading a different portion. But it's a summary portion. I'm going to quote, if I can, the language. Summary is both important, and I emphasize it's legally necessary under 18 U.S. 3, 35-58, and under Booker, that the district court conduct parallel analyses. Then it goes on to explain the parallel analysis. As I construe that, the Court has to at least state on the record that it did the analysis, if not doing the analysis actually on the record itself. But more importantly, in the same paragraph, it reads, because the scope of review differs depending upon the sentencing methodology employed by a district court, it is important that district courts clearly and carefully differentiate between the findings and conclusions as regards the application of guidelines and the findings and conclusions as regards the application of non-guidelines factors under Section 353A. Now, that seems to suggest to the trial judges that, at least to me, on the record, we've got to articulate, and I think Cantrell supports this, we've got to state on the record that we have to do the calculation under the guidelines, even though they're advisory only, and we've got to be correct. And I think next year we have to do the 35-53A analysis and then possibly and probably differentiate as to why we went to 35-53A, conclusion, sentencing, as opposed to the guideline, if it's different than what would come under the guideline calculation. Maybe you read it a little more narrowly than I do. I don't know, but. Well, I don't disagree that the court has to make a guideline determination and has to do it accurately, and the court has to consider the 35-53 factors in imposing sentence. That's what Booker says. That's what Cantrell says. That's what Mick says. I disagree that the court has to explicitly say, on the record, I considered 35-53, and that these factors, and enumerate the factors, and list the reasoning for his sentence when he's giving the guideline sentence. I believe that. Within the range of guidelines, if the government had been pushing for maximum guideline and the downward adjust but doesn't depart below guideline, your view is that this record is sufficient, notwithstanding the government would not know why its arguments had been rejected. You could speculate. You could catch from maybe what transpired in the courtroom, but it would not know precisely why the court had decided to give the defendant a break over the hotly argued AUSA's position that this guy was lucky because he wasn't getting more. Well, I don't think that's required under Mix. You don't think that's required because Mix was an outside guideline sentence. Yes, Your Honor. So that's the premise of my question. You're suggesting that so long as it's within guidelines, a very summary, nonspecific, I've considered every argument, sort of the boilerplate that gets adopted, having, in summary judgment, having considered all counsel's arguments, having considered all counsel's arguments, that the government is okay with that, even if it's on the short end of the stick as to what the guideline sentence actually comes out. But what you would like, presumably, under Mix, as counsel positive, is that the  the guideline sentence actually comes out. If there had been a downward departure here below guidelines, the government would argue that what he did here was insufficient. Am I right? Yes. Yes. I believe that's what Mix said. So the government's position within guideline, all we need to know is that the court had before it 3553A in some fashion, implicit or explicit, and that's enough. And as long as it's within guidelines, that's all we have to, that's all we get on appeal as appellate judges to decide whether or not a within guidelines sentence is reasonable. Yes. In the record that the court considers. But not the basis necessarily for. And we can't really address the defendant's argument to go outside the guidelines, at least as far as the finding is concerned, if you're right. Well. It's pretty nice if you can get it when you lose and the defense can't get it when you win. But I don't. It's a bad rule. I don't agree that that's what I'm saying. No. Mix went upward, right? Mix went upward. So he did get the review. You're trying to take Mix, which said that upward there has to be some articulation. And counsel applied it to a downward departure, so the government's on the appellant. Exactly. Okay. Assuming your interpretation of the procedures that would be appropriate, how would the court be able to address the reasonableness of the sentence? That would be the next step, assuming the court complied with what's required procedurally. Based on your analysis, it wouldn't be anything before the court to determine what the thinking of the trial court was. It's just the reviewing court has the issue of reasonableness, which I guess is de novo. Well, it is a de novo review. And what is before the court is the same thing that was before the district court, the sentencing memorandum, the pre-sentence report, the objections. But how do we know what weight to give to the district judge's analysis when we don't know what persuaded him or her? Well, all of those. But if you're doing a de novo review and looking at those factors to determine whether or not the sentence was reasonable, I believe that ---- What degree of deference, then, should we give the court? Because all we know is what objective evidence was presented. We don't know his or her reasoning. So you're suggesting that we, as appellate judges, just willy-nilly substitute our judgment if confronted with the same information, how we think we would have ruled with the guidance from the district court? I wouldn't suggest that. I don't think you would. That's fine. Okay. But I believe that the court, by saying, imposing a guideline sentence in this case, told this court that he believed that the 3553 factors were adequately taken into account by the guidelines in light of everything that was presented and that that was reasonable. And I'd ask that you affirm the conviction and the sentence in this case. Okay. Thank you. The fact of the matter is he did not follow the procedure that is required. Well, we know what the record is, so the question is what the rule is going to be. That's correct. We can't assume that he even considered it from what he said. And the ---- I think we have the point. I mean, the labor ---- I think that you know, then, what I'm asking you to do. Yes, we do. Thank you. Thank you, counsel. We appreciate the arguments. It's an interesting issue, obviously, in this post-Booker world. The case argued is submitted.
judges: Beezer, Fisher, Timlin